Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Par Pharmaceutical, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAR PHARMACEUTICAL, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>MERCK SHARP & DOHME CORP.,<br><br>*Defendant*. | Civil Action No. 2:19-cv-04432 |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF PATENT INVALIDITY

Plaintiff Par Pharmaceutical, Inc. ("Par") hereby brings this action against

Defendant Merck Sharp & Dohme Corp. ("Merck" or "Defendant") seeking a

declaration that the claims of U.S. Patent No. 7,326,708 (the "'708 patent" or

"patent-in-suit") are invalid.  Par brings this suit to obtain patent certainty under 21

U.S.C. § 355(j)(5)(C)(i)(I), and to obtain final Food and Drug Administration

("FDA") approval to market its low-cost, generic sitagliptin and metformin hydrochloride extended-release drug product at the earliest possible date pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).  Par seeks a declaratory judgment of invalidity of the patent-in-suit that would allow FDA to approve Par's generic drug application at the earliest possible date, thereby allowing Par to market its low-cost, generic sitagliptin and metformin hydrochloride extended-release drug product.

## NATURE AND SUMMARY OF ACTION

1.      This action arises under the patent laws of the United States and Amendments to the Federal Food, Drug, and Cosmetics Act (the "Hatch-Waxman Act"),[1] which govern the U.S. FDA approval of both new and generic drugs. *See* 21 U.S.C. § 355 *et seq.*; 35 U.S.C. §§ 156, 217(e).  Par seeks FDA approval for the commercial manufacture, use, importation, offer for sale, and sale of a generic version of Janumet XR (sitagliptin phosphate and metformin hydrochloride) 50 mg/500 mg, 50 mg/1000 mg and 100 mg/1000 mg extended-release tablets as described in Par's Abbreviated New Drug Application ("ANDA") No. 204144 ("Par's ANDA").  Par's ANDA contains a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the '708 patent is invalid or will not be infringed by the manufacture, use, or sale of the Par's sitagliptin phosphate and metformin hydrochloride extended-release product ("Par's ANDA Product").

---

[1] Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355(j) (1984).

2. The '708 patent is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Janumet XR.

3. In accordance with 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Par sent notice on October 22, 2012 to Merck Sharp & Dohme Corp. of patent certification for the '708 patent and provided an Offer of Confidential Access and Confidentiality Agreement ("OCA") to Par's ANDA.

4. The Hatch-Waxman Act provides for a "civil action to obtain patent certainty" when a generic applicant makes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV). *See* 21 U.S.C. § 355(j)(5)(C)(i)(I)(aa)-(cc). This declaratory judgment provision in the Hatch-Waxman Act aims to encourage early resolution of patent disputes, and prevent brand-name drug companies from using tactics that forestall the competing generic drug makers from entering the market. *See Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1285 (Fed. Cir. 2008).

5. Par's complaint seeks a judgment to obtain patent certainty that the claims of the '708 patent are invalid. Such judgment would enable Par to bring Par's ANDA Product to market at the earliest possible date allowed under applicable statutory and FDA regulatory provisions.

**THE PARTIES**

6.     Par is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 1 Ram Ridge Rd., Chestnut Ridge, NY 10977.

7.     On information and belief, Merck Sharp & Dohme Corp. is a corporation organized and existing under the laws of the State of New Jersey and having a place of business at One Merck Dr., Kenilworth, NJ 07033.  According to the United States Patent and Trademark Office ("USPTO") Assignment database, Merck is an assignee of the '708 patent as of May 2, 2012.  On information and belief, Merck is the holder of New Drug Application ("NDA") No. 202270 for Janumet XR (sitagliptin and metformin hydrochloride) 50 mg/500 mg, 50 mg/1000 mg and 100 mg/1000 mg extended-release tablets.

**JURISDICTION AND VENUE**

8.     This is a Complaint for declaratory judgment that the claims of the '708 patent are invalid, which arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves substantial claims arising under the United States Patent Act (35 U.S.C. §§ 1 *et seq.*), the Declaratory

Judgment Act (28 U.S.C. §§ 2201-02), 21 U.S.C. § 355(j)(5)(C), and 35 U.S.C. § 271(e)(5).

10.    This Court has personal jurisdiction over Defendant at least because of its continuous and systematic contacts with the state of New Jersey, including conducting of substantial and regular business therein through marketing and sales of pharmaceutical products in New Jersey including, but not limited to, the Janumet XR product.

11.    This Court has personal jurisdiction over Defendant at least because Defendant, upon information and belief, (1) directly or indirectly markets and sells pharmaceutical products throughout the United States and in this judicial district and (2) has consented to personal jurisdiction in this judicial district by filing of suits in this judicial district, including, but not limited to *Merck Sharp & Dohme Corp. v. MSN Laboratories Pvt. Ltd.*, 3:18-cv-00675; *Merck Sharp & Dohme Corp. v. Teva Pharmaceuticals USA, Inc.*, 3:17-cv-06921; and *Merck Sharp & Dohme Corp. v. Apotex Inc.*, 3:17-cv-05399, thereby having availed themselves of the rights and benefits of New Jersey law.  Upon information and belief, Defendant purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a destination of Defendant's pharmaceutical products.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391, 1400, and/or 21 U.S.C. § 355.

## HATCH-WAXMAN OVERVIEW

13.     In 1984, Congress passed the Drug Price Competition and Patent Term Restoration Act, commonly referred to as the Hatch-Waxman Act. *See* 21 U.S.C. § 355; 35 U.S.C. §§ 156, 271(e).  The Hatch-Waxman Act was intended to encourage generic-drug competition while leaving intact incentives for research and development of new drugs by pioneering, i.e., "branded," drug companies. *See* H.R. Rep. No. 98-857, pt. 1, at 14-15 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2647, 2648. To accomplish this goal, the Hatch-Waxman Act established a framework with certain elements that are pertinent here.

14.     First, a company seeking FDA approval of a new drug must submit an NDA to FDA.  *See* 21 U.S.C. § 355. A brand-name drug sponsor must also inform FDA of every patent that claims the "drug" or "method of using [the] drug" for which a claim of patent infringement could reasonably be asserted against unlicensed manufacture, use, or sale of that drug product.  *See* 21 U.S.C. § 355(b)(1); 21 U.S.C. § 355(c)(2); 21 C.F.R. § 314.53(b), (c)(2). Upon approval of the NDA, FDA publishes a listing of patent information for the approved drug in a document referred to as the Orange Book.  *See* 21 U.S.C. § 355(b)(1).  The new FDA-approved drug is known as the "reference-listed drug."

6

15. Second, the Hatch-Waxman Act provides a streamlined process for approving generic drugs. Before marketing a generic version of an FDA-approved drug, a generic-drug manufacturer must submit an ANDA to FDA. An ANDA is "abbreviated" because applicants are generally not required to include the extensive pre-clinical and clinical data that must be included in an NDA for a brand-name drug. Instead, the ANDA applicants can rely on the NDA's pre-clinical and clinical data if the proposed generic product is "bioequivalent" to the corresponding reference-listed drug. *See* 21 U.S.C. § 355(j)(4)(F).

16. An ANDA must also contain one of four certifications for each patent listed in the Orange Book: (i) that there are no patents listed in the Orange Book; (ii) that any listed patent has expired; (iii) that the patent will expire before the generic manufacturer is seeking to market its generic product; or (iv) that the patent is invalid, unenforceable or will not be infringed by the manufacture, use or sale of the generic drug for which the ANDA is submitted. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(I)-(IV); 21 C.F.R. § 314.94(a)(12). The last of these is commonly referred to as a "paragraph IV certification."

17. An applicant submitting an ANDA containing a paragraph IV certification must provide formal written notice (i.e., "a notice letter") informing both the patent holder and the NDA holder of its paragraph IV certification. *See* 21 U.S.C. § 355(j)(2)(B)(i).

18.    Third, the Hatch-Waxman Act encourages prompt resolution of patent disputes by authorizing a patent owner to sue an ANDA applicant for patent infringement if a paragraph IV certification has been made. *See* 35 U.S.C. § 271(e)(2).  By statute, if the patent owner brings suit within 45-days of receiving notice of the paragraph IV certification, the suit will trigger an automatic statutory 30-month stay of approval by FDA of the ANDA to allow parties time to adjudicate the merits of the infringement action before the generic company launches its product.  *See* 21 U.S.C. § 355(j)(5)(B)(iii).

19.    Fourth, the Hatch-Waxman Act allows ANDA applicants to bring declaratory judgment actions against an NDA holder or an owner of an Orange-Book-listed patent if (1) neither the patent owner nor the NDA holder brought an action for infringement of the patent within the 45-day period; and (2) the ANDA applicant's notice of paragraph IV certification included an offer of confidential access to the ANDA.  21 U.S.C. § 355(j)(5)(C)(i)(I)(aa)-(cc).

## ACTIONS GIVING RISE TO THIS SUIT

20.    Par submitted Par's ANDA to FDA seeking approval for the commercial manufacture, use, importation, offer for sale, and sale of a generic version of Janumet XR (sitagliptin phosphate and metformin hydrochloride) 50 mg/500 mg, 50 mg/1000 mg and 100 mg/1000 mg extended-release tablets.  Par's

8

ANDA contains a paragraph IV certification that the '708 patent is invalid and/or will not be infringed by the manufacture, use, or sale of Par's ANDA Product.

21. On October 22, 2012, pursuant to 21 U.S.C. § 355(j)(2)(B)(i), Par sent notice to Merck of patent certification for the '708 patent and provided an OCA to Par's ANDA.

22. Merck did not bring suit for infringement of the '708 patent within the 45-day period.

23. Accordingly, both requirements are met for the declaratory judgment action expressly authorized by the Hatch-Waxman Act: (1) the 45-day period has passed without Merck bringing an action for infringement, and (2) Par made the statutory offer of confidential access in connection with the '708 patent. 21 U.S.C. § 355(j)(5)(C)(i).

24. This provides Par with a statutory right to bring the present declaratory judgment action for patent certainty. 21 U.S.C. § 355(j)(5)(C)(i)(I)(aa)-(cc).

25. Defendant's actions have resulted in a substantial controversy regarding the '708 patent between Par and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the '708 patent is invalid.

## PATENT-IN-SUIT

26.    On its face the '708 patent entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" indicates it was issued by the USPTO on February 5, 2008.  A copy of the '708 patent is attached as Exhibit A.

27.    According to the records at the USPTO, Merck is the assignee of the '708 patent.

## COUNT ONE

### Declaratory Judgment Regarding Invalidity of U.S. Patent No. 7,326,708

28.    Par realleges paragraphs 1 to 27 above as if fully set forth herein.

29.    There is an actual, substantial, and continuing justiciable case or controversy between Par and Defendant regarding the invalidity of the '708 patent.

30.    The claims of the '708 patent are invalid at least for the failure to comply with the requirements for patentability of Title 35 of the U.S. Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

31.    Par is entitled to a declaratory judgment that the claims of the '708 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Par respectfully requests this Court enter judgment as

follows:

A.      Declaring that the claims of the '708 patent are invalid; and

B.      Awarding Par such other relief that the Court deems just and proper.

Dated: February 1, 2019

**OF COUNSEL:**

David H. Silverstein (*pro hac vice* to be submitted)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
(212) 261-5651
dsilverstein@axinn.com

Aziz Burgy (*pro hac vice* to be submitted)
Christopher M. Gallo  (*pro hac vice* to be submitted)
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
7th Floor
Washington, DC 20004
(202) 912-4700
aburgy@axinn.com
cgallo@axinn.com

 s/ *Jason B. Lattimore*
Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ.**
**LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Counsel for Par Pharmaceutical, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administration proceeding.


Dated: February 1, 2019                    s/ Jason B. Lattimore

                                           Jason B. Lattimore